[Civ. No. 4522. Fifth Dist. Apr. 18, 1979.]

WILLIAM WILDER, Petitioner, v.
THE SUPERIOR COURT OF TULARE COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

## COUNSEL

Walter L. Gorelick, Public Defender, Gerald F. Sevier, Assistant Public Defender, James T. Wilson and Richard M. Macias, Deputy Public Defenders, for Petitioner.

No appearance for Respondent.

Evelle J. Younger and George Deukmejian, Attorneys General, Jack R. Winkler, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, Roger E. Venturi and Maureen A. Daly, Deputy Attorneys General, for Real Party in Interest.

## OPINION

**BROWN (G. A.), P. J.**—Petitioner seeks a writ of mandate directing respondent court to vacate its order denying his motion to suppress evidence in a criminal action pending against him and to enter a new order granting said motion.

### FACTS

Petitioner stands accused by information of receiving stolen property in violation of Penal Code section 496. Petitioner moved respondent court to suppress as evidence in the criminal action a vehicle sun roof, rearview mirrors and luggage rack.

On November 9, 1978, a de novo hearing upon the suppression motion was held before respondent court. The hearing was short. The transcript contains a total of only 11 pages. Petitioner testified that he was arrested in Delano on or about May 16, 1978, by Officer Stenback and thereafter the officer took his Ford van; he was "sort of forced to" drive the van to Visalia; Officer Stenback told petitioner that if petitioner did not drive the van back to Visalia the officer would impound it in Delano. When the van was returned to petitioner a few days later, a sun roof, rearview mirrors and luggage rack which were attached to the vehicle when it was taken were missing. To petitioner's knowledge, Officer Stenback did not have an arrest or search warrant at the time of the arrest.

Police Officer Jack Stenback testified that he arrested petitioner while petitioner was working on "the vehicle" at a body shop in Delano. Officer Stenback stated his probable cause for the arrest as follows: "I was assigned a case of threatening a witness with a victim being a Frank Henley, conducted my follow-up investigation, determined there was probable cause for the arrest." The arrest was based upon a complaint for intimidation.

Officer Stenback testified that he had petitioner drive the vehicle back to the Visalia Police Department; no one in Delano informed him that the van could not be kept at the body shop. The officer contacted the victims of thefts reported to the police. The victims came to the Visalia Police Department, where the van was parked, and identified items located on the exterior of the van as their property. The sun roof victim arrived at the police station within 20 minutes after the van had arrived; the luggage rack victim arrived about 30 minutes after the van.

Mr. Henley first supplied Officer Stenback information about the stolen items.

On November 29, 1978, respondent court denied petitioner's motion to suppress evidence.

## DISCUSSION

In its return to the order to show cause and in its preliminary opposition to the petition real party relies extensively upon facts shown in the preliminary hearing transcript. Real party argues that it has the right to do so because its points and authorities before respondent court in

opposition to the suppression motion referred to the preliminary hearing evidence. This position cannot be sustained. ■ The preliminary hearing transcript is not admissible at a de novo suppression hearing in the superior court absent a stipulation of the parties or applicability of the hearsay exception for former testimony. (*People* v. *Cagle* (1971) 21 Cal.App.3d 57, 60 [98 Cal.Rptr. 348].) As real party asserted before respondent court, the parties did not stipulate that the court should consider evidence adduced at the preliminary hearing in deciding the suppression motion; it is now estopped to assert here the exact converse of that position. Moreover, the record does not support real party's contention that respondent court considered the preliminary hearing evidence; we cannot presume such error by the trial court simply because real party improperly relied upon the preliminary hearing evidence in its points and authorities. The preliminary hearing evidence was not before the respondent court and therefore it is not properly before us. (*People* v. *Gibbs* (1971) 16 Cal.App.3d 758, 761 [90 Cal.Rptr. 866]; *People* v. *Superior Court* (1970) 3 Cal.App.3d 476, 482, fn. 2 [83 Cal.Rptr. 771].) It follows that the merits of this petition must be decided upon the evidence produced at the de novo hearing only.[1]

The issue before this court is the legality of the seizures effected by Officer Stenback without a warrant.

■ In this court real party may rely only upon the legal theories advanced by it before respondent court to justify police conduct. (*People* v. *Miller* (1972) 7 Cal.3d 219, 227 [101 Cal.Rptr. 860, 496 P.2d 1228]; *People* v. *Superior Court (Simon)* (1972) 7 Cal.3d 186, 198-199 [101 Cal.Rptr. 837, 496 P.2d 1205]; see *People* v. *Shuey* (1975) 13 Cal.3d 835, 847 [120 Cal.Rptr. 83, 533 P.2d 211].)

■ Before respondent court, real party expressly contended that the sun roof, mirrors and luggage rack were lawfully seized because they were in plain view at all times. We reject this contention. A plain view seizure must be reasonable (*Guidi* v. *Superior Court* (1973) 10 Cal.3d 1, 15 [109 Cal.Rptr. 684, 513 P.2d 908]) and it is real party's burden to justify such seizure by proving by a preponderance of the evidence that it was constitutionally reasonable (*Wimberly* v. *Superior Court* (1976) 16 Cal.3d 557, 563, fn. 2 [128 Cal.Rptr. 641, 547 P.2d 417]; *Guidi* v. *Superior Court, supra,* at p. 15, fn. 15).

---

[1]Therefore, we shall address only real party's contentions which are factually limited to such evidence.

■ The van and everything on it, including the sun roof, mirrors and luggage rack, were seized by Officer Stenback in Delano. The officer seized the van by threatening to impound it if petitioner did not drive it to Visalia just as effectively as if he had had the van towed to Visalia. (See *People* v. *Shuey, supra,* 13 Cal.3d 835, 850.)

Real party contends that Officer Stenback had probable cause to seize the van in Delano and that petitioner voluntarily consented to drive the van to Visalia. Those contentions were not raised before respondent court;[2] therefore, real party is precluded from asserting them here for the first time.

We hold that seizure of the van in Delano was not constitutionally reasonable. The only evidence which supports a contrary conclusion is Officer Stenback's testimony that theft of a sun roof and luggage rack had been reported to the police and that he first received information about the stolen items from Mr. Henley. The information received from Henley, the source of Henley's knowledge and Henley's reliability are not established. Nothing but his naked conclusions appears in the record.

Real party appears to have urged, at least impliedly, before respondent court that Officer Stenback had probable cause to believe that the items seized at the Visalia police station were stolen property at the time of said seizures because the theft victims had identified the items seized prior to seizure thereof.

The victim identifications at the Visalia police station were clearly a fruit of the illegal seizure of the van in Delano. Absent the victim identifications, the Visalia seizures are supported only by Officer Stenback's testimony regarding reported thefts and information from Henley discussed above, and, therefore, were also unreasonable.

Real party contends that the evidence adduced at the suppression hearing and reasonable inferences arising therefrom support a conclusion that petitioner was lawfully arrested in Delano. A lawful arrest on a charge of threatening a witness in and of itself does not justify seizure of the evidence petitioner seeks to suppress. Real party does not contend

---

[2]Before respondent court, real party asserted that the van was not impounded in Delano, but did not attempt to justify Officer Stenback's threat to do so. Real party asserted that petitioner drove the van to Visalia but did not contend that he consented to do so.

that the van or such evidence was lawfully seized incident to the Delano arrest.

Real party contends that the warrantless seizure of the van in Delano was lawful because the van is a movable vehicle and/or exigent circumstances existed for such seizure. This contention was not raised before respondent court. In any event, mobility and/or exigency alone are not sufficient to justify a plain view seizure; the seizure must be reasonable and, as we have pointed out, the Delano seizure was not reasonable.

■ The facts of this case raise an important procedural issue.[3] In respondent court petitioner erroneously was required to assert specific attacks upon the warrantless seizure of the evidence he sought to suppress before real party articulated its justification for the seizure. This procedure appears to be the principal cause of two unfortunate results: (1) real party failed to present crucial evidence and assert viable legal arguments before respondent court; and (2) this court was required to consider an inordinate number of contentions, a substantial number of which are either completely irrelevant or not properly before us.

The procedural problem arises from the fact that petitioner, as the moving party, must necessarily file the first pleading—his motion to suppress evidence. Once petitioner has produced evidence to show that the seizure was without a warrant, real party bears the burden of proving the only substantive issue at the hearing upon that motion—justification for the warrantless seizure. (*Wimberly* v. *Superior Court, supra,* 16 Cal.3d 557, 563, fn. 2; *Guidi* v. *Superior Court, supra,* 10 Cal.3d 1, 15, fn. 15.)

The obvious solution to this problem is a suppression motion pleading procedure whereby real party speaks first to the issue upon which it bears the burden of proof and petitioner thereafter responds. Petitioner moved to suppress specifically described evidence (see *People* v. *Superior Court* (1969) 274 Cal.App.2d 228, 232 [78 Cal.Rptr. 830]) upon the ground such evidence was seized without a warrant; his suppression motion was a sufficient first pleading. The prosecutor should have pleaded his justification prior to the hearing based upon the facts he expected to prove at the

---

[3]In our experience, this case is representative of trial court suppression motion procedure and the results thereof; however, the fact that petitioner vigorously advocated the correct procedure and real party resisted it with equal vigor makes this case somewhat unique.

The text discussion which follows is directed to the facts of this case but applies generally to searches and arrests effected without a warrant.

hearing. Petitioner should have been allowed an opportunity to file a written response to the attempted justification prior to the hearing. At a cost of one additional pleading, this procedure serves to focus the litigation upon the only relevant issues—the justifications relied upon by real party to sustain the warrantless seizure. Thus, the issues are narrowed and sharpened to the benefit of all concerned.

Petitioner benefits from this procedure because he is spared the burden of attempting to demonstrate a negative—i.e., the arrest was not lawful, the seizure was not incident to the arrest, he did not voluntarily consent to drive the van to Visalia, and so forth.

Real party benefits from this procedure because it precludes a pitfall for the unwary prosecutor. Petitioner relied from the start upon the rule of law which requires real party to justify a warrantless seizure of evidence; therefore, if real party fails to justify the seizure, petitioner wins his suppression motion whether or not petitioner asserts subsequent specific contentions. The trap has been laid; it snaps shut when real party fails to justify the seizure because its attention has been diverted to petitioner's surplus specific contentions—even if real party demonstrates that such contentions are meritless, the evidence is suppressed if real party has not in fact carried its burden of justification for the seizure.

Respondent court erred in denying petitioner's motion to suppress evidence. This petition is authorized by statute. (Pen. Code, § 1538.5, subd. (i).) Petitioner is entitled to appropriate relief.

Let a peremptory writ of mandate issue directing the Tulare County Superior Court to vacate its order of November 29, 1978, denying the defendant's motion to suppress evidence in action No. 18996 and to enter a new order granting said motion.

The stay order issued by this court on December 6, 1978, shall remain in effect until all acts herein directed have been performed, this decision is final in all courts or the Supreme Court grants a hearing herein, whichever may first occur.

Franson, J., and Best, J.,* concurred.

---

*Assigned by the Chairperson of the Judicial Council.