[No. A120694. First Dist., Div. Two. Aug. 27, 2008.]

THE PEOPLE, Plaintiff and Respondent, v.
CHERI MARIE CASTAGNE, Defendant and Appellant.

## Counsel

Jeremy Price, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Gerald A. Engler, Assistant Attorney General, Bridget Billeter and Gregg E. Zywicke, Deputy Attorneys General, for Plaintiff and Respondent.

## Opinion

**LAMBDEN, J.**—The trial court ruled that defendant was ineligible for Proposition 36 probation because it found she had participated in two separate courses of drug treatment and was unamenable to drug treatment (Pen. Code, § 1210.1, subd. (b)(5)).[1] Defendant appeals, and the People concede the lower court committed error. The People, however, argue that we should affirm because the record, according to the People, supports a finding of ineligibility for Proposition 36 probation as a matter of law under section 1210.1, subdivision (b)(4). We agree that the lower court erred in finding defendant ineligible for Proposition 36 probation under section 1210.1, subdivision (b)(5), but we disagree with the People that the record unequivocally establishes defendant's ineligibility under subdivision (b)(4). Accordingly, we reverse the finding of Proposition 36 probation ineligibility and remand for resentencing.

## BACKGROUND

On October 2, 2003, defendant entered a guilty plea to one felony count of unlawfully possessing methamphetamine (Health & Saf. Code, § 11377, subd. (a)), which was *People v. Castagne* (Super. Ct. Marin County, 2003, No. SC131106A). In a separately charged case, on November 4, 2003, defendant entered a guilty plea to another felony count of unlawfully possessing methamphetamine (*id.*, § 11377, subd. (a)), which was *People v. Castagne* (Super. Ct. Marin County, 2003, No. SC132056A). The trial court held a consolidated sentencing hearing on December 12, 2003. The court stated: "Well, in these matters . . . as the recommendations are identical, the same conditions are to be imposed in each of those, the only distinction is that the supervision, in my opinion, should be concurrent." The court suspended imposition of sentence in both cases and placed defendant on Proposition 36 probation.

---

[1] All further unspecified code sections refer to the Penal Code.

On December 11, 2006, the district attorney filed identical petitions for revocation of defendant's Proposition 36 probation. Both petitions alleged that defendant possessed drug paraphernalia and methamphetamine and had driven a car while her license was suspended.

On March 16, 2007, defendant entered a guilty plea to one felony count of possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)). Upon accepting her guilty plea in this new case, the court dismissed the pending probation revocation petitions for which she was on Proposition 36 probation. The court stated that the new conviction was "a treatment failure with respect to both of the other matters." The court granted the district attorney's request to "terminate unsuccessfully" defendant's Proposition 36 probation.

In the present case, according to the probation report, on November 22, 2007, an officer conducted a probation search of defendant and discovered 0.5 grams of methamphetamine and a glass smoking pipe on her. Four days later, on November 26, 2007, defendant was charged with felony possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)), and misdemeanor possession of a smoking device (*id.*, § 11364). The complaint further alleged that defendant was ineligible for probation based on four prior drug possession convictions (Pen. Code, § 1203, subd. (e)(4)).

On December 11, 2007, defendant entered a guilty plea to the possession of methamphetamine in exchange for the dismissal of the accompanying misdemeanor. Additionally, a pending complaint in case No. SC153314A was dismissed and a pending probation revocation petition in *People v. Castagne* (Super. Ct. Marin County, No. SC150915A) was withdrawn.

Defendant requested the court to suspend imposition of sentence and place her on Proposition 36 probation (§ 1210.1, subd. (a)). The probation report filed on February 4, 2008, stated that defendant's prior convictions were numerous. It further noted that she had failed Proposition 36 probation and had a previous grant of probation terminated as unsuccessful. It observed that defendant "could benefit from the completion of a long-term residential treatment program ordered as a condition of probation." The report further explained: "The defendant does not appear to take her court orders seriously and continues to minimize the extent of her drug addiction. Despite a pregnancy and pending jail commitment, she continues to use the drug. The risk to her unborn baby in this incident is concerning and demonstrates how out of control she is in her decision to use drugs. Fortunately, for the baby, she has been incarcerated since November 22, 2008, and the doctor has informed her that her baby is healthy despite any drug use before her incarceration. Despite these red flags, the defendant still wants to be released

from jail and allowed to enter an outpatient treatment program instead of residential treatment." The probation report recommended for defendant a "long-term residential program for mothers of infants."

The probation department also provided the court with a drug assessment prepared by Bay Area Community Resources (BACR). This report indicated that defendant stated that she was using methamphetamine daily until her arrest on November 22, 2007. It noted that defendant seemed "to be in the contemplation stage of change with only moderate motivation for treatment." BACR recommended that defendant enter and complete a long-term residential program for women and children. It further noted: "After the residential phase of treatment, she should follow after care and it is suggested that she attend 12-step meetings. Prognosis is guarded due to client's motivation."

Epiphany Center, a residential treatment center recommended for defendant, provided a letter dated February 1, 2008. The letter indicated that the program takes approximately 12 to 18 months to complete and that the program includes substance abuse treatment and process groups. As part of the program, defendant would be required to attend a minimum of three outside 12-step meetings a week.

The court held its sentencing hearing on February 4, 2008. The court stated it did not believe defendant realized she had a serious addiction problem or what it would take for her to overcome it. The court elaborated: "And you have good intentions, but in the course of the time at least you've been in my court, your good intentions have been totally insufficient to keep you from abusing drugs. . . ." The court remarked that it did not "think there's any question here that [defendant did] not have the present ability to succeed in a Prop 36 program." The court continued: "It doesn't have the structure that you need in order to successfully deal with your drug addiction. And you have already failed grants of Prop 36 treatment in two cases. And I don't agree with the position that, because that treatment may have been concurrent, it was not separate."

The court further stated: "You committed two separate crimes; you were on Prop 36 for both of those crimes, and you failed twice. So I don't believe that you were either amenable or legally eligible for Prop 36 court. And I think that, if you were, I think that would be an unfortunate thing at this time for your own sake and particularly for your child's sake, an unborn child who has no control over his or her life at this point. It's all up to you. That little life is in your hands. And I think that, if there's to be a healthy and positive outcome to this, you need residential treatment badly."

The court deemed defendant ineligible for Proposition 36 probation, suspended imposition of sentence, and placed her on supervised probation for

three years. The court also imposed a four-month jail term, but permitted defendant to receive day-for-day credit in a residential treatment program on the condition that she successfully complete the program.

Defendant filed a timely notice of appeal.

## DISCUSSION

California voters passed the Substance Abuse and Crime Prevention Act of 2000, commonly referred to as Proposition 36. It became effective on July 1, 2001. (Prop. 36, § 8.) In enacting Proposition 36, the California electorate declared its purpose and intent: " '(a) To divert from incarceration into community-based substance abuse treatment programs nonviolent defendants, probationers and parolees charged with simple drug possession or drug use offenses; [¶] (b) To halt the wasteful expenditure of hundreds of millions of dollars each year on the incarceration—and reincarceration—of nonviolent drug users who would be better served by community-based treatment; and [¶] (c) To enhance public safety by reducing drug-related crime and preserving jails and prison cells for serious and violent offenders, and to improve public health by reducing drug abuse and drug dependence through proven and effective drug treatment strategies.' (Prop. 36, § 3.)" (*People v. Guzman* (2003) 109 Cal.App.4th 341, 346 [134 Cal.Rptr.2d 727] (*Guzman*).)

■ "By its terms, Proposition 36 requires the court to grant probation with a drug treatment condition to any person convicted of a nonviolent drug possession offense and prohibits incarceration as a condition of probation." (*People v. Davis* (2003) 104 Cal.App.4th 1443, 1446 [129 Cal.Rptr.2d 48].) Under Proposition 36, persons convicted of nonviolent drug offense are entitled to Proposition 36 probation under section 1210.1, subdivision (a), unless they meet one of the express statutory disqualifications specified in subdivision (b). (See *People v. Esparza* (2003) 107 Cal.App.4th 691, 699 [132 Cal.Rptr.2d 377] ["When a defendant is eligible for Proposition 36 treatment, it is mandatory unless he is disqualified by other statutory factors . . . ."].) One exclusion for Proposition 36 probation under section 1210.1, subdivision (b) is when the defendant "has two separate convictions for nonviolent drug possession offenses, has participated in two separate courses of drug treatment pursuant to subdivision (a), and is found by the court, by clear and convincing evidence, to be unamenable to any and all forms of available drug treatment, as defined in subdivision (b) of Section 1210. . . ." (§ 1210.1, subdivision (b)(5).)

Defendant contends that the lower court erred in finding that defendant's concurrent treatment for two offenses satisfied the requirements under section 1210.1, subdivision (b)(5). Defendant maintains that the plain language of the

statute requires that defendant participated in "two separate courses of drug treatment" (*ibid.*). The People concede that the lower court erred in finding defendant ineligible for Proposition 36 probation based on section 1210.1, subdivision (b)(5). We also agree that the plain language of the statute requires "two separate courses of drug treatment" (*ibid.*) and, therefore, concurrent treatment for two separate offenses, which occurred in the present case, does not satisfy the requirements of the statute. There is no dispute that the record in this case does not contain any evidence of two separate courses of drug treatment for defendant.

The People, however, assert that we should affirm the judgment because the record supported an implicit finding that defendant was not eligible for Proposition 36 probation under section 1210.1, subdivision (b)(4). Under this provision, a defendant is not eligible for Proposition 36 probation if the "defendant . . . refuses drug treatment as a condition of probation." (§ 1210.1, subd. (b)(4).) The People argue that, where the defendant has repeatedly and flagrantly failed on probation, the court may perceive that behavior as a refusal to participate in Proposition 36 treatment under section 1210.1, subdivision (b)(4). (See *People v. Johnson* (2003) 114 Cal.App.4th 284, 303–304 [7 Cal.Rptr.3d 492] (*Johnson*) ["We are persuaded that the voters did not intend Proposition 36 to apply to a convicted drug offender, such as Johnson, who has been placed repeatedly on Proposition 36 probation and has repeatedly violated the conditions of such probation by refusing to enroll in a drug treatment program and by refusing to report to the probation officer for an assessment of the probationer's performance on probation . . ." and in the "appropriate case, a trial court may properly deem such conduct to be an implied refusal of 'drug treatment as a condition of probation' within the meaning of section 1210.1[, subdivision (b)(4)]"]; see also *Guzman, supra*, 109 Cal.App.4th at p. 350 [trial court properly found defendant to have refused drug treatment when defendant "by his conduct following the grant of probation refuse[d] to undergo drug treatment"].)

Here, the People acknowledge that the lower court did not make any finding under section 1210.1, subdivision (b)(4), but they argue that the record supports an implied finding of exclusion from Proposition 36 probation under this provision. They argue that we may affirm the lower court's judgment "even where it is based on an incorrect rule of law, as long as a sound legal basis for the decision exists." (*Estate of Beard* (1999) 71 Cal.App.4th 753, 777 [84 Cal.Rptr.2d 276].) Further, they claim that we have the discretion to review the issue de novo because it turns only on the interpretation of a statute applied to historical facts. (See *People v. Goldberg* (2003) 105 Cal.App.4th 1202, 1206 [130 Cal.Rptr.2d 192] [interpretation of statute is reviewed de novo].)

We agree that we may affirm the judgment on an alternative legal basis if the evidence supporting affirmance is not conflicting. "A judgment correct under any applicable legal theory will not be reversed merely because the trial court followed an erroneous path of reasoning, but an appellate court *will not* employ a theory as grounds for affirmance where that theory rests on determinations of fact, the evidence on the facts was conflicting, and the conflicts are not resolved by the trial court's express or implied findings." (*Cline v. Yamaga* (1979) 97 Cal.App.3d 239, 246–247 [158 Cal.Rptr. 598], italics added.) As we explain more fully, the evidence in this case does not unequivocally demonstrate that defendant refused drug treatment.

The People argue that the trial court's acknowledgement of defendant's prior convictions and failures on probation was tantamount to an implicit finding that her behavior was equivalent to a refusal to participate in Proposition 36 treatment.[2] The People point out that defendant was given Proposition 36 probation for two convictions in December 2003, but defendant failed to report for her assessment, never enrolled in treatment, and, according to a note in a petition to revoke, never registered as a drug offender. Further, defendant was picked up for two additional felony methamphetamine convictions in April and May of 2005. She had yet another methamphetamine possession conviction in 2006. The People argue that the court's statement that defendant had "already failed two grants of Proposition 36 treatment in two cases," indicates that it was basing its finding on defendant's repeated probation violations. The People also point to the court's comments that defendant needed a structure to deal with her drug addiction and that she had not yet realized the seriousness of her problem. Further, the probation report indicated that defendant's prognosis was "guarded because of her lack of motivation." With regard to defendant's apparent willingness to participate in a residential treatment program, the People assert that "the court implicitly made a credibility finding [defendant] was once again making empty promises—that regardless of [defendant's] stated intentions, she would not be able to follow through in her actions."

The People maintain that the trial court essentially made the same factual findings that were made in *Johnson, supra,* 114 Cal.App.4th at page 303, and the present case is also analogous to *Guzman, supra,* 109 Cal.App.4th at pages 344 to 350. We disagree. In both *Johnson* and *Guzman,* the superior courts had to consider whether to revoke Proposition 36 probation. Here, the trial court was to determine defendant's eligibility for Proposition 36 probation

---

[2] We note that the People refer to evidence that defendant had other Proposition 36 treatment failures. This evidence was not before the trial court and will not be considered on appeal. (See *Wilder v. Superior Court* (1979) 92 Cal.App.3d 90, 94 [154 Cal.Rptr. 494].)

after a conviction that made her *presumptively eligible* for Proposition 36 probation. Further, as we discuss more fully, the factual findings are not similar.

In *Guzman*, the defendant had been placed on Proposition 36 probation and had made no effort to comply with the drug treatment probation. (*Guzman, supra*, 109 Cal.App.4th at p. 349.) The trial court expressly found that "by his actions, he has refused to accept treatment . . . ." (*Id.* at p. 345.) Further, the court commented: "Hence, this is not a case in which a defendant commences drug treatment and falters. This is not a case in which a defendant responded to a family emergency and then voluntarily reported to his probation officer for supervision or the drug treatment center for treatment. This is a case in which defendant, by his acts and omissions, evinced a complete and unequivocal refusal to undergo drug treatment." (*Id.* at p. 350.)

Similarly, in *Johnson*, the defendant was on Proposition 36 probation and failed to appear at the probation review hearing, failed to report to the probation department, and failed to enroll in the court-ordered drug treatment program. (*Johnson, supra*, 114 Cal.App.4th at pp. 298–299.) The *Johnson* court concluded that the defendant before it was similar to the defendant in *Guzman* in that she, like the defendant in *Guzman*, had demonstrated a " 'complete and unequivocal refusal to undergo drug treatment,' " and had thereby rendered herself ineligible for further probation under Proposition 36. (*Johnson, supra*, at p. 300, italics omitted.)

In contrast to the defendant in *Guzman*, the lower court here did not find defendant had shown a complete and unequivocal refusal to undergo drug treatment. Further, this case also differs from the situation in *Johnson* in that the record before us does not demonstrate a complete and unequivocal refusal to participate in drug treatment. To the contrary, the trial court in the present case indicated that defendant's intentions to quit using drugs were sincere, but such intentions were inadequate to prevent her from faltering. The court commented that defendant had "good intentions" but her "good intentions" had been "insufficient" to prevent her from abusing drugs. Moreover, defendant had not refused treatment as a condition of probation, as she specifically asked for drug treatment as a condition of probation.

The People simply conclude that the lower court must have made a credibility determination and believed that defendant's request for treatment was insincere. From this record, however, we cannot conclude that the lower court found defendant's request for treatment insincere. The fact that the lower court determined defendant was "unamenable" to drug treatment or the fact that it believed that she would not succeed in a Proposition 36 program did not mean that it believed she was unwilling to participate in treatment.

Moreover, the record suggests otherwise: the court ordered defendant to "enter and successfully complete a residential treatment program as directed by the probation officer" as a condition of probation, and such an order would have been unlikely had the court believed defendant was refusing treatment.

Furthermore, counsel for defendant stated the following at the hearing: "And I want to make it clear for the record that [defendant] is not refusing treatment. In fact, the BACR report indicates that she is participating in the treatment program at the jail and has good attendance there." The BACR report stated the following: "[Defendant] is a participant in the in-custody drug and alcohol program in F-pod. She has been involved for about 6 weeks. She has good attendance, but is still struggling with cross talking and listening to feedback the other women give her." The report indicates that defendant was participating in treatment and not refusing it.

The BACR report confirmed that defendant had problems with her motivation, but the report did not suggest that she would refuse treatment. With regard to motivation, the BACR report commented: "[Defendant] reported that she wants to be released from jail so that she could go back to San Francisco and have her baby. She said that she would then go back to work and attend some meetings. [Defendant] seems to be unprepared for the reality of her situation although she said that she feels strongly about her ability to follow through successfully with her plan. Client seemed disappointed when residential treatment was suggested. This is progress from her strong reaction against residential treatment from a couple weeks ago. [Defendant] seems to be in the contemplation stage of change with only moderate motivation for treatment." BACR concluded that defendant's prognosis was "guarded due to client's motivation."

The foregoing indicates that defendant was initially hostile towards residential treatment, but there is no suggestion that she was hostile to treatment in general. Further, her motivation prognosis would not have been "guarded" if BACR considered her to be refusing treatment.

█ We agree that the record does not establish with certainty that defendant's acts and omissions evinced a complete refusal to undergo drug treatment. The facts in the present case are subject to conflicting inferences and the lower court never considered the question whether defendant demonstrated a complete refusal to undergo drug treatment. We are unable to accept the People's argument that the judgment be affirmed on this alternative ground, as the conflicting facts are to be considered and resolved by the trier of fact. Accordingly, we reverse the lower court's finding that defendant was ineligible for probation under section 1210.1, subdivision (b)(5), and remand for the lower court to make findings and conduct any further proceedings it

deems necessary to consider whether defendant is ineligible for probation under section 1210.1, subdivision (b)(4).[3]

## DISPOSITION

The judgment of conviction is affirmed, the sentence is reversed, and the matter is remanded to the trial court for resentencing proceedings consistent with this opinion.

Kline, P. J., and Richman, J., concurred.

---

[3] Since we conclude that the trial court erred when it denied defendant Proposition 36 probation under section 1210.1, subdivision (b)(5), defendant's arguments that substantial evidence did not support the trial court's finding that defendant was not amenable to drug treatment is moot. We also need not address her argument that the court should have imposed a 30-day jail term under section 1210.1, subdivision (b)(5).