Filed 3/19/14  P. v. Boyd CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MARVIN BRUCE BOYD,<br><br>    Defendant and Appellant. | A140106<br><br>(Sonoma County<br>Super. Ct. No. SCR-623002) |

**I. INTRODUCTION**

After entering a no contest plea to two counts of an information charging unlawful possession and transportation of marijuana (Health & Saf. Code, §§ 11359; 11360), appellant was given a suspended sentence and placed on 36 months probation.  He then filed a timely notice of appeal from the trial court's earlier order denying his motion to suppress, brought under Penal Code section 1538.5 (section 1538.5).  He also filed a brief pursuant to *People v. Wende (*1979) 25 Cal.3d 436, asking this court to review the record below and determine if there are any issues deserving of further briefing and then review by this court.  We have done so, but have found no such issues and hence affirm the judgment of the superior court, including the sentence imposed.

1

## II. FACTUAL AND PROCEDURAL BACKGROUND

At approximately 8:00 or 9:00 p.m. on August 7, 2012,[1] Petaluma Police Officer Jason Jucutan was driving his patrol car southbound on U.S. Highway 101 just south of Corona Road in Petaluma. At that time and place, he saw a black Ford Taurus driving in the fast lane at "an abnormally slow speed," i.e., "approximately 45 miles per hour," although the posted speed limit at that location was 55 miles per hour. Soon thereafter, the posted speed limit on southbound U.S. 101 increased to 65 miles per hour but the Taurus stayed in the fast lane and did not speed up, thus—according to Officer Jucutan— impeding the traffic of six other vehicles. Because that slow speed was a Vehicle Code violation, the officer conducted a traffic stop, and the Taurus moved off the highway.

When Officer Jucutan approached the driver's side of the Taurus, he noticed "that there was odor of unburnt marijuana coming from within the vehicle." The odor was, according to his testimony, "strong." There were three people in the car, including appellant who was in the left rear passenger seat; all three were asked to show their identity, and did. The officer then asked the driver "how much marijuana was in the vehicle," and Boyd replied that "there's a few loose marijuana buds, and he showed them to me," having removed them from the center console in the rear passenger seat. Appellant also had a marijuana cigarette in his right ear.

Officer Jucutan then asked if any of the occupants of the car had a medical marijuana recommendation, and appellant said that he did. The officer then ordered all three men out of the car so he could search it; he did so based on the unburnt marijuana odor he smelled coming from the car, and the amount of marijuana that appellant had shown him. Included in his search was the trunk of the car, where he found two large garbage bags; when he opened them, he found that they contained what was later measured to be "32 pounds of marijuana, separated in one-pound bags." He also found a

---

[1] The exact hour is unclear from the record. In his testimony at the section 1538.5 hearing, the officer stated that the time was "approximately 8:03 p.m.," although the District Attorney's brief in opposition to that motion states that the time was an hour later.

suitcase containing $13,330 in cash. He then arrested all three of the occupants of the car.

Appellant told Officer Jucutan that he was a "medical marijuana patient," and a member of "a group of people that grew marijuana" and had found that he had "an excess of marijuana" and intended to distribute it to others both in and outside of his group.

Appellant also testified at the section 1538.5 motion hearing. He purported to provide an explanation of why the car in which he was a passenger had been travelling so slowly in the fast lane of Highway 101, i.e., that they had pulled into the fast lane thinking the officer was going to pull over a different car, and that they were going slowly because they intended to use a nearby exit.

After hearing this testimony and argument by counsel, the court found that the traffic stop was based on the "uncontroverted testimony of the officer" that the Taurus "was doing at least 10 miles an hour below the posted speed limit, and then [entered] into the 65-mile-per-hour zone, remaining doing 45 . . . ." The stop was, therefore, "justified" and once the officer smelled "the marijuana immediately through the open window, it gives the officer probable cause to search." It concluded by noting that, per our Supreme Court, possession is permitted of only "those amounts [of marijuana] that are necessary . . . for the treatment of that individual patient, or patients" and not the multiple pounds of marijuana appellant possessed in the trunk of the car. Further, the fact that appellant may have had a medical marijuana recommendation was "irrelevant" because the substantial smell gave the officer probable cause to search the vehicle.

Accordingly, on March 25, 2013, the trial court denied the motion to suppress.

The following month, appellant filed a peremptory challenge of the judge who presided over the suppression hearing and had denied his motion to suppress. That challenge was also denied.

On August 30, 2013, appellant formally waived his rights and entered a no contest plea to both counts of the information. On October 8, 2013, imposition of a sentence was

suspended and appellant was placed on 36 months probation, with conditions including 200 hours of community service and various fines and fees.

After his sentencing, appellant filed a timely notice of appeal from the judgment because of the trial court's earlier denial of his section 1538.5 motion.

### III. DISCUSSION

We have carefully examined the record in this case, especially that pertaining to appellant's section 1538.5 motion, the argument before the trial court regarding it, and that court's ruling thereon. Under well-established law, a trial court's denial of a motion to suppress may, under section 1538.5, subdivision (m), be reviewed on appeal even after a defendant's no contest plea and conviction. (See, e.g., *People v. Panizzon* (1996) 13 Cal.4th 68, 74-75; *People v. Acevedo* (2012) 209 Cal.App.4th 1040, 1051-1052.)

Curiously, however, the clerk's transcript provided us does not contain any section 1538.5 motion filed by appellant or his counsel, only an opposition thereto. That opposition recites that appellant had filed "a *Wilder*[2] motion asserting it is the People's burden to justify the warrantless search and seizure," but no such motion appears in the clerk's transcript or, per the Sonoma County Clerk of the Court, in its files. *Wende* counsel for appellant has also advised this court that she has no copy of any such pleading in her files. However, the argument of appellant's counsel, a deputy public defender, at the section 1538.5 hearing rather clearly addressed the points appellant wanted to make regarding that motion, i.e., regarding the lawfulness of Officer Jucutan's search of the vehicle.

We find no issues regarding that ruling deserving of further briefing.

---

[2] *Wilder v. Superior Court* (1979) 92 Cal.App.3d 90.

4

## IV. DISPOSITION

The judgment, including the sentence imposed, is affirmed.

_____
Haerle, J.

We concur:

_____
Kline, P.J.

_____
Richman, J.

5