Filed 11/12/14  P. v. Whitmer CA3

## NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yuba)

----

| | |
|---|---|
| THE PEOPLE, | C073617 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF12623) |
| v. | |
| BRAD ALLEN WHITMER, | |
| Defendant and Appellant. | |

A jury found defendant Brad Allen Whitmer guilty of evading a police officer, unlawful driving or taking of a vehicle, and resisting a peace officer.[1]  The trial court sentenced him to nine years and four months in prison.  On appeal, defendant contends

---

[1]     He was found not guilty of possessing burglary tools.

1

the trial court erred in denying his *Faretta*[2] motion and also erred in denying him the right to renew the motion. We disagree and affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On October 31, 2012, the Yuba County District Attorney's Office charged defendant with felony evading a police officer, unlawful driving or taking of a vehicle, and resisting a peace officer. A week later, on November 7, 2012, the trial court held a *Marsden*[3] hearing. At the hearing, defendant asked the court to find him another attorney who would work with him and be respectful. Defendant felt that his attorney did not have "[his] best interests at hand to represent [him]." When the court declined to assign defendant another attorney, defendant stated, "Oh, my God" and told the court that he would represent himself. The court admonished defendant, "you need to let the lawyer represent you," to which defendant replied, "I don't want him representing me. [¶] I'll represent myself." The following exchange then occurred:

"THE COURT: Don't listen to the folks in the jail --

"THE DEFENDANT: I'll represent myself.

"THE COURT: -- because, obviously, somebody gave you bad advice.

"THE DEFENDANT: I'm giving myself advice. I don't want him representing me --

"THE COURT: Mr. Whitmer --

"THE DEFENDANT: -- period.

"THE COURT: -- they tell us in law school not to represent ourselves, even if we get accused of a crime, because a lawyer who represents themselves has a fool for a client. So if that --

"THE DEFENDANT: I'll be my own client.

---

2    *Faretta v. California* (1975) 422 U.S. 806 [45 L.Ed.2d 562].

3    *People v. Marsden* (1970) 2 Cal.3d 118.

2

"THE COURT: -- is what they tell lawyers, you might want to think a little bit further about it, Mr. Whitmer."

Just after the hearing concluded, defendant asked the court if he "could say something." The trial court responded, "Not right now," and directed defendant to speak with his attorney out of the court's presence because he had a right not to incriminate himself.

## DISCUSSION

On appeal, defendant contends the trial court erred in denying his *Faretta* motion because his request to represent himself was unequivocal. He also contends the court erred in denying him the right to renew the motion.

We need not decide whether defendant's request to represent himself was unequivocal because such a request must also *not* be the product of annoyance or frustration (*People v. Watts* (2009) 173 Cal.App.4th 621, 629), and here defendant's immediate outburst at the denial of his *Marsden* motion shows his request for self-representation was only a product of his annoyance and frustration. Moreover, we conclude defendant was not prevented from renewing his *Faretta* motion.

A defendant in a criminal case possesses two constitutional rights with respect to representation that are mutually exclusive. A defendant has the right to be represented by counsel at all critical stages of a criminal prosecution. (*United States v. Wade* (1967) 388 U.S. 218, 223-227 [18 L.Ed.2d 1149, 1155-1157].) At the same time, a defendant possesses the right to represent himself because the Sixth Amendment grants to the accused personally the right to present a defense. (*Faretta v. California*, *supra*, 422 U.S. at p. 819 [45 L.Ed.2d at p. 572].)

A court should draw every reasonable inference against supposing that a defendant wishes to waive the right to counsel. (*People v. Marshall* (1997) 15 Cal.4th 1, 23.) Thus, to invoke the right of self-representation, a defendant must make an unequivocal assertion of that right within a reasonable time prior to trial. (*Faretta v. California*,

3

*supra*, 422 U.S. at pp. 835-836 [45 L.Ed.2d at pp. 581-582].)  The assertion of that right must also not be an ill-considered decision that is a function of annoyance or frustration. (*People v. Watts*, *supra*, 173 Cal.App.4th at p. 629.)  For example, in *Jackson v. Ylst* (1990) 921 F.2d 882, the court stated as follows:  "Jackson's emotional response when disappointed by the trial court's denial of his motion for substitute counsel did not demonstrate to a reasonable certainty that he in fact wished to represent himself."  (*Id.* at p. 889.)

A motion for self-representation made in passing anger or frustration, an ambivalent motion, or one made for the purpose of delay or to frustrate the orderly administration of justice may be denied.  (*People v. Marshall*, *supra*, 15 Cal.4th at p. 23.) Thus, the immediacy of a *Faretta* motion after the trial court denies a *Marsden* motion suggests that the defendant wanted only to rid himself of appointed counsel, not actually represent himself.  (*People v. Scott* (2001) 91 Cal.App.4th 1197, 1205.)

In determining on appeal whether the defendant invoked the right to self-representation, we examine the entire record de novo.  (*People v. Dent* (2003) 30 Cal.4th 213, 218.)  More importantly, so long as the decision under review is correct on any ground appearing in the record, the reviewing court may affirm even if the lower court followed an erroneous path of reasoning.  (*People v. Castagne* (2008) 166 Cal.App.4th 727, 734.)

Defendant contends the trial court improperly denied his *Faretta* motion based solely on the often cited adage, "a lawyer who represents themselves has a fool for a client."  We need not decide whether this reasoning was an error because so long as the decision under review is correct on any ground, we may affirm.  (*People v. Castagne*, *supra*, 166 Cal.App.4th at p. 734.)  Here, we conclude the denial of defendant's *Faretta* motion was correct because his request was an ill-considered decision that was a function of annoyance and frustration.

Defendant contends his request to represent himself was unequivocal because he was adamant that he would represent himself; however, the timing of defendant's request and his comments evidence his primary concern was getting new *appointed* counsel rather than exercising his right to represent himself, and the record supports the conclusion that defendant sought to represent himself only because he was upset and frustrated at the court's refusal to appoint another attorney to represent him. During the *Marsden* hearing, defendant asked the court to find him another attorney who would work with him and be respectful because defendant felt his attorney did not have "[his] best interests at hand to represent [him]." Then when the court denied his request for new counsel, defendant responded, "Oh, my God," and immediately asked to represent himself. Analogous to Jackson's emotional response, "What good is [appointed trial counsel] doing for me now? I want to fight in pro per *then*" (*Jackson v. Ylst*, *supra*, 921 F.2d at p. 889), defendant's comment makes clear his frustration with appointed counsel rather than a well-considered decision to forgo his constitutional right to counsel.

The exchange here is analogous to that in *Scott*, where our Supreme Court noted that the defendant's *Faretta* motion made *immediately after* the trial court denied his *Marsden* motion suggested that the defendant wanted only to rid himself of appointed counsel. (*People v. Scott*, *supra*, 91 Cal.App.4th at p. 1205.) Here, the timing of defendant's *Faretta* motion shows defendant's focus was on new appointed counsel rather than waiver of his right to counsel altogether. Defendant's opening brief highlights that his *Faretta* motion was made at only the second hearing in his case and well before the case was set for trial; and yet, the fact that defendant raised the issue of self-representation immediately after denial of his *Marsden* motion and then never raised the issue again until appeal supports our conclusion that the request to represent himself was a product of passing frustration rather than of deliberation. Under these circumstances, the trial court did not err in denying defendant's motion to represent himself.

Defendant contends he was prevented from renewing his *Faretta* motion. He argues that after the court denied his *Marsden* and *Faretta* motions, he asked if he could speak so that he could renew his *Faretta* motion, but the court denied his request. Defendant then argues that any further attempts to renew a *Faretta* motion were clearly futile because the court would not allow him to speak.

We reject defendant's argument because the record shows neither: (1) that defendant intended to renew his *Faretta* motion; nor (2) that any further attempt to renew his *Faretta* motion would have been futile. After the hearing concluded, defendant asked the court if he could "say something." Without more, defendant's question does not alone support the conclusion that he renewed or tried to renew his *Faretta* motion.

Likewise, defendant proffers no support for his conclusion that any further attempts to renew his *Faretta* motion would have been "clearly futile." The trial court's response, "Not right now," suggests that defendant would have an opportunity to speak another time. Defendant extrapolates from the court's direction to speak with appointed counsel that the court explicitly denied his renewed *Faretta* motion. The record does not support this extrapolation.

## DISPOSITION

The judgment is affirmed.

      ROBIE      , Acting P. J.

We concur:

      BUTZ      , J.

      HOCH      , J.