Filed 1/5/16  P. v. Robison CAA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B259330 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA416583) |
| v. | |
| GLEN WYATT ROBISON, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Monica Bachner, Judge.  Affirmed.

James Koester, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Paul M. Roadarmel, Jr., and Daniel C. Chang, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Appellant Glen Wyatt Robison[1] pled no contest to two drug counts. He now appeals the trial court's denial of his motion for self-representation under *Faretta v. California* (1975) 422 U.S. 806 (*Faretta*). We find no error in the denial and affirm the judgment.

## PROCEDURAL HISTORY

**Information and Plea**

In a consolidated six-count amended information,[2] appellant was charged with two counts of possession for sale of a controlled substance (Health & Saf. Code, § 11351; counts 1 & 6), three counts of possession of a controlled substance (Health & Saf. Code, § 11350, subd. (a); counts 2, 3 & 4), and one count of sale/transportation/offer to sell a controlled substance (Health & Saf. Code, § 11352, subd. (a); count 5). As to counts 3 through 6, it was alleged that at the time appellant committed the offenses, he had been released from custody on bail or his own recognizance. (Pen. Code, § 12022.1.)[3] As to counts 1 and 2, it was alleged that appellant had suffered five prior serious or violent felony convictions within the meaning of the "Three Strikes" law. (§§ 1170.12, subd. (b), 667, subds. (b)-(j).) As to all counts, it was alleged that appellant had suffered five prior convictions of a serious felony. (§§ 1170, subd. (h)(3), 1192.7, 667.5, subd. (c).)

On September 22, 2014, pursuant to the parties' plea agreement, appellant pled no contest to counts 1 and 6. Appellant also admitted the on-bail allegation and that he suffered a prior strike. The trial court dismissed the remaining counts and allegations. Appellant was sentenced to eight years in state prison, consisting of the low term of two years for count 6, doubled to four years due to the prior strike, plus a consecutive two-year on-bail enhancement. For count 1, appellant received a consecutive term of two

---

[1]    Appellant is also referred to as "Robinson" in the record.

[2]    This case was consolidated with three others (BA417442, BA417953 & BA419323).

[3]    All further statutory references are to the Penal Code unless otherwise indicated.

years in state prison.  The court ordered appellant to pay various fines and fees and awarded him 644 days of presentence custody credit.

## *Marsden* **Hearing**

Seven months prior to his plea, on February 11, 2014, which was 15 days prior to the scheduled start of trial, appellant made a motion to replace his appointed defense counsel under *People v. Marsden* (1970) 2 Cal.3d 118 (*Marsden*).  Appellant complained there was an "extreme lack of communication" between himself and counsel, his counsel gave him "exceptionally false information," intimidated him during plea negotiations, never spoke to him longer than 15 seconds, and "manipulated the courts to brew it against me."  Appellant stated, "I'm not trying to alienate the Court.  I'm trying to get the best possible help I can.  You can send me to prison, but if I get out, then I'm still addicted.  What am I supposed to do, ma'am.  I'm 60 years old.  I just need help.  And he needs to start advocating for me."

The trial court denied the motion, stating that appellant was in the hands of a "very qualified and talented attorney," who was "handling the case appropriately," and there was no basis to relieve counsel.

## *Faretta* **Claim**

Immediately upon the denial of his *Marsden* motion, appellant stated, "I would like to execute my Ferreta [*sic*] rights."

Back in open court, the trial court denied the *Faretta* motion "at this time," stating: "It appears to the court that it's just made out of frustration to the court's denial of the *Marsden*.  It appears under the case law, it is not a valid indication of his right to represent himself."  Appellant then asked, "Ma'am, can I say something for the record?"  The court responded, "No."

## **Notice of Appeal**

On October 1, 2014, appellant filed a notice of appeal and a request for certificate of probable cause pursuant to section 1237.5.  His request claimed that his plea was not knowing and voluntary and that his attorney misrepresented the time to be served; the

3

request did not mention the *Faretta* issue.  On October 17, 2014, the trial court denied the requested certificate.

## DISCUSSION

As an initial matter, we note the parties dispute whether appellant was required to obtain a certificate of probable cause under section 1237.5 in order to proceed with his appeal.[4]  While we believe that appellant was in fact required to obtain such a certificate in light of his plea, we nevertheless address the merits of his appeal given that both parties have fully briefed the issue of whether the trial court erred in denying appellant's *Faretta* request.  In doing so, we find no merit to appellant's claim of error.

### I.  Equivocal Request

A criminal defendant has a constitutional right to counsel at all critical stages of a criminal prosecution.  (*People v. Doolin* (2009) 45 Cal.4th 390, 453; *People v. Tena* (2007) 156 Cal.App.4th 598, 604.)  The right to counsel may be waived by a criminal defendant who elects to represent himself at trial.  (*Faretta, supra*, 422 U.S. at pp. 807, 834–835; *People v. Doolin, supra*, at p. 453.)

"[A] request for self-representation must be unequivocal."  (*People v. Doolin, supra*, 45 Cal.4th at p. 453; *People v. Marshall* (1997) 15 Cal.4th 1, 22–23.)  A motion made in passing anger or frustration, an ambivalent motion, or one made for the purpose of delay or to frustrate the orderly administration of justice may be denied.  (*People v. Marshall, supra*, at p. 23.)  Courts "must indulge every reasonable inference against

---

[4]     Section 1237.5 provides:  "No appeal shall be taken by the defendant from a judgment of conviction upon a plea of guilty or nolo contendere, . . . except where both of the following are met:  [¶]  "(a) The defendant has filed with the trial court a written statement, executed under oath or penalty of perjury showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings.  [¶]  (b) The trial court has executed and filed a certificate of probable cause for such appeal with the clerk of the court."  The only two exceptions to obtaining a certificate recognized by the California Supreme Court in *People v. Johnson* (2009) 47 Cal.4th 668, 677 involve an appeal based on the denial of a motion to suppress evidence under section 1538.5 or on grounds that arose after entry of the plea that do not affect the plea's validity.

4

waiver of the right to counsel." (*Id.* at p. 20; *People v. Tena, supra*, 156 Cal.App.4th at p. 604.)

"'"'[T]he right of self-representation is waived unless defendants articulately and unmistakably demand to proceed *pro se*.'"'" (*People v. Stanley* (2006) 39 Cal.4th 913, 932.) When determining whether a *Faretta* request is unequivocal, "courts must determine 'whether the defendant truly desires to represent himself or herself.' [Citation.] Thus, 'an insincere request or one made under the cloud of emotion may be denied.' [Citation.]" (*People v. Tena, supra*, 156 Cal.App.4th at p. 607; *People v. Marshall, supra,* 15 Cal.4th at pp. 21, 23.)

"Equivocation of the right of self-representation may occur where the defendant tries to manipulate the proceedings by switching between requests for counsel and for self-representation[.]" (*People v. Lewis and Oliver* (2006) 39 Cal.4th 970, 1002.) "[T]he court's duty goes beyond determining that some of [the] defendant's words amount to a motion for self-representation. The court should evaluate all of a defendant's words and conduct to decide whether he or she truly wishes to give up the right to counsel and represent himself or herself and unequivocally has made that clear." (*People v. Marshall, supra*, at pp. 25–26; *People v. Tena, supra,* 156 Cal.App.4th at p. 607.) "Applying these principles, courts have concluded that under some circumstances, remarks facially resembling requests for self-representation were equivocal, insincere, or the transitory product of emotion." (*People v. Tena, supra*, at p. 607.)

In determining on appeal whether the defendant invoked the right to self-representation, this court examines the entire record de novo. (*People v. Dent* (2003) 30 Cal.4th 213, 218.) So long as the decision under review is correct on any ground appearing in the record, this court may affirm even if the lower court followed an erroneous path of reasoning. (*People v. Castagne* (2008) 166 Cal.App.4th 727, 734.)

Appellant acknowledges that "appellate courts regularly conclude that trial courts had properly denied *Faretta* demands made under those circumstances [immediately upon denial of a *Marsden* motion] as being equivocal." (See *People v. Tena, supra*, 156 Cal.App.4th at pp. 608–609 [where *Faretta* requests were made only after denial of

5

*Marsden* motions, and remarks appeared to stem solely from defendant's frustrated desire for representation by private counsel, denial was proper]; *People v. Valdez* (2004) 32 Cal.4th 73, 98–99 [defendant's single reference to right of self-representation, made immediately following denial of *Marsden* motion, supports conclusion that defendant did not make an unequivocal *Faretta* motion]; *People v. Scott* (2001) 91 Cal.App.4th 1197, 1205 [*Faretta* motion was equivocal where defendant made the motion immediately after the trial court denied his *Marsden* motion and defendant's comments suggested he made the motion because the court would not replace his attorney with a different public defender].) Appellant nevertheless argues there was no indication here that his *Faretta* demand was anything other than unequivocal and points out that he asked to say something for the record, but was "immediately shut down."

We agree with the People that the timing of appellant's request and his comments during the *Marsden* hearing show that his primary concern was getting new counsel appointed rather than exercising his right to represent himself. The record supports the conclusion that appellant sought to represent himself only because he was upset and frustrated at the court's refusal to appoint another attorney to represent him. For example, he told the court during the *Marsden* hearing that he needed the best possible help, better communication, and an attorney to start advocating for him. Our review of the *Marsden* transcript makes clear that appellant was upset with his appointed counsel.

Appellant suggests that he was prevented from renewing his *Faretta* motion because he was "immediately shut down" by the court. But the record shows that in the seven months between his *Faretta* claim and his plea, appellant never renewed his right to self-representation. When a request for self-representation is made as an impulsive response to the denial of a motion for substitute counsel, and is not renewed at a later date, it is not unequivocal. (*Valdez, supra*, 32 Cal.4th at pp. 98–99; *People v. Barnett* (1998) 17 Cal.4th 1044, 1087; *People v. Scott, supra*, 91 Cal.App.4th at p. 1205; *Jackson v. Ylst* (9th Cir. 1990) 921 F.2d 882, 888.)

6

## II. Abandoned Claim

Alternatively, there is no merit to appellant's appeal because he abandoned his *Faretta* request.

As appellant acknowledges, when a defendant's reference to self-representation is followed by his acceptance of representation by court-appointed attorneys without requesting self-representation, he demonstrates that he abandoned any desire to invoke his *Faretta* rights. (*People v. Stanley, supra,* 39 Cal.4th at pp. 930–933; *People v. Weeks* (2008) 165 Cal.App.4th 882, 887 ["A defendant may, by his or her conduct, indicate abandonment or withdrawal of a request for self-representation"].) Appellant argues, however, that any further *Faretta* request by him would have been futile because he was "shut down" by the trial court when he tried to speak after the denial of his *Faretta* request.

Appellant's argument ignores that eight days after his *Faretta* request was denied by Judge Bachner, he appeared with counsel before a different judge. Yet, he still failed to renew his *Faretta* request. A defendant who sincerely seeks to represent himself has a responsibility to speak up. (*People v. Kenner* (1990) 223 Cal.App.3d 56, 62.)

Appellant then appeared six more times before Judge Bachner (on Apr. 3, June 19, July 17, Aug. 6, Sept. 4, & Sept. 22, 2014). He was represented at each of these hearings by a different public defender than the one he sought to have replaced. But, again, in none of these proceedings did he renew his *Faretta* request, or even suggest that he was interested in self-representation. Appellant allowed his counsel to negotiate a plea with the People and then accepted the benefits of that agreement.

He cannot now be heard to complain that the denial of his right to waive counsel and represent himself requires reversal.[5]

---

[5] In light of our conclusion, we do not address whether appellant's *Faretta* request was timely made.

**DISPOSITION**

The judgment is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


_____, Acting P. J.
    ASHMANN-GERST


We concur:


_____, J.
   CHAVEZ


_____, J.
   HOFFSTADT