Filed 3/29/16  P. v. Johnson CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | C079840 |
| Plaintiff and Respondent, | (Super. Ct. No. SF083965A) |
| v. | |
| JERRY WAYNE JOHNSON, | |
| Defendant and Appellant. | |

Defendant Jerry Wayne Johnson appeals from the trial court's denial of his petition for recall and resentencing pursuant to the Three Strikes Reform Act of 2012 (the Act).  (Pen. Code, § 1170.126.)[1]  We affirm.

Defendant was convicted of first degree burglary (§§ 459, 460) and being a felon in possession of a firearm (former § 12021, subd. (a)) in 2003.  Defendant had also

---

[1] Undesignated statutory references are to the Penal Code.

1

previously been convicted of two serious felonies and had a total of four prior strike convictions. (§§ 667, subds. (a), (b)-(i), 1170.12.) The trial court imposed a total prison term of 35 years to life.

On June 10, 2015, defendant filed a motion seeking resentencing under section 1170.126. The People opposed resentencing because defendant was past the two-year window for such claims and because his serious felony conviction for residential burglary made him ineligible on the merits. On June 22, 2015, the trial court denied resentencing without a statement of reasons.

Defendant contends the trial court's order must be reversed because the trial court failed to provide an adequate statement of reasons for its denial of his petition. We disagree.

On appeal, a judgment or order of the trial court is presumed correct and the party attacking the judgment, or any part of it, must affirmatively demonstrate prejudicial error. (*People v. Garza* (2005) 35 Cal.4th 866, 881.) Moreover, so long as the decision under review is correct on any ground appearing in the record, the reviewing court may affirm even if the lower court followed an erroneous path of reasoning. (*People v. Castagne* (2008) 166 Cal.App.4th 727, 734.) The failure of the trial court to provide reasons for the denial of defendant's petition for resentencing is of no moment here, as its order was clearly proper based on the petition's untimeliness.

Section 1170.126, subdivision (b) provides: "Any person serving an indeterminate term of life imprisonment imposed pursuant to paragraph (2) of subdivision (e) of Section 667 or paragraph (2) of subdivision (c) of Section 1170.12 upon conviction, whether by trial or plea, of a felony or felonies that are not defined as serious and/or violent felonies by subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7, *may file a petition for a recall of sentence, within two years after the effective date of the act that added this section or at a later date upon a showing of good cause*, before the trial court that entered the judgment of conviction in his or her case, to request resentencing in

2

accordance with the provisions of subdivision (e) of Section 667, and subdivision (c) of Section 1170.12, as those statutes have been amended by the act that added this section." (Italics added.) The Act became effective on November 7, 2012. (§ 1170.126; added by initiative [Prop. 36, § 6 (Gen. Elec. Nov. 6, 2012) eff. Nov. 7, 2012].)

Here, defendant filed his petition on June 10, 2015--more than six months past the two-year window for filing. He provided no explanation or justification attempting to establish good cause for filing it late. Accordingly, his petition was properly denied as untimely. Because we conclude the trial court's order was correct for this reason, we need not determine whether the order is also correct because defendant is ineligible for resentencing on the merits.

DISPOSITION

The judgment (order) is affirmed.


/s/ _____<br>
Blease, J.

We concur:


/s/ _____<br>
Raye, P. J.


/s/ _____<br>
Nicholson, J.


3