[No. C007598. Third Dist. Sept. 12, 1990.]

THE PEOPLE, Plaintiff and Respondent, v.
LEWIS LEE NEIGHBOURS, Defendant and Appellant.

**COUNSEL**

David C. King, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Richard B. Iglehart, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney

General, David A. Rhodes and Janet G. Bangle, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**SIMS, J.**—Defendant appeals following his plea of guilty to assault with a deadly weapon upon a one-year-old child (Pen. Code, § 245, subd. (a)(1); further statutory references are to the Penal Code unless noted otherwise) and his admission he intentionally inflicted great bodily injury during the commission of that offense. (§ 12022.7.) Defendant contends the superior court erroneously denied his motion to suppress evidence (§ 1538.5) seized as a consequence of police officers' warrantless entry into his residence. Defendant asserts the trial court was statutorily obligated to consider evidence adduced at the preliminary hearing even though defendant never moved to suppress evidence at that hearing and no evidence adduced at that hearing was introduced in the superior court on the motion to suppress by way of stipulation or otherwise.

We conclude that, even under the current version of section 1538.5, evidence contained in the preliminary hearing transcript was not before the superior court and is not properly a part of the record we review to determine the legality of the section 1538.5 motion (hereafter 1538.5 motion). Reviewing the evidence adduced upon the 1538.5 motion in superior court, we conclude the trial court correctly ruled the police officers' entry into defendant's residence was justified by exigent circumstances consisting of a reasonable perception of immediate danger to a child. We shall therefore affirm the judgment.

I. *Since evidence adduced at the preliminary hearing was not properly before the superior court upon the motion to suppress, such evidence is not a part of the record subject to review by this court.*

Before its recent amendment, effective January 1, 1987 (Stats. 1986, ch. 52, § 1, p. 133), section 1538.5 allowed a defendant charged with a felony to move to suppress evidence at the preliminary hearing and to renew the motion in superior court, where the defendant was afforded a new evidentiary hearing. (See former § 1538.5, subds. (f), (i); Stats. 1982, ch. 1505, § 6, p. 5843; *Anderson* v. *Superior Court* (1988) 206 Cal.App.3d 533, 538 [253 Cal.Rptr. 651]; *People* v. *Baldwin* (1976) 62 Cal.App.3d 727, 732-733, fn. 3 [133 Cal.Rptr. 427].)

Under the former statute, it was held that, "A motion to suppress evidence is a de novo hearing in the superior court. [Citation.] The transcript

of the testimony taken at the preliminary examination is not ipso facto admissible at the superior court hearing. Absent a stipulation, neither the People nor the defendant can present the testimony taken at the preliminary examination at the superior court hearing unless the provisions of Evidence Code section 1291 governing use of former testimony are met. [Citation.]" (*People* v. *Cagle* (1971) 21 Cal.App.3d 57, 60 [98 Cal.Rptr. 348]; followed in *People* v. *Baldwin, supra*, 62 Cal.App.3d at pp. 732-733, fn. 3; *Wilder* v. *Superior Court* (1979) 92 Cal.App.3d 90, 94 [154 Cal.Rptr. 494]; *People* v. *Flores* (1979) 100 Cal.App.3d 221, 226, fn. 2 [160 Cal.Rptr. 839].)

The previously noted 1986 amendment of section 1538.5 made changes to subdivision (i) of the statute that are reflected in its current language set forth in the margin.[1] The current statute applied to all proceedings in this case. ■ Defendant contends the superior court was statutorily obligated to base its ruling on the transcript of the preliminary hearing because subdivision (i) of section 1538.5 now provides in pertinent part, "The superior court shall base its ruling on all evidence presented at the special hearing *and on the transcript of the preliminary hearing*." (Italics added.)

However, when we read the cited language in the context of the whole statute, as we are obligated to do (*Title Ins. & Trust Co.* v. *County of Riverside* (1989) 48 Cal.3d 84, 91 [255 Cal.Rptr. 670, 767 P.2d 1148]), we cannot agree with defendant's construction.

Subdivision (i) of section 1538.5 unambiguously provides that in cases such as the present one, in which no suppression motion was made at the

---

[1] Section 1538.5, subdivision (i) provides: "If the property or evidence obtained relates to a felony offense initiated by complaint and the defendant was held to answer at the preliminary hearing, or if the property or evidence relates to a felony offense initiated by indictment, the defendant shall have the right to renew or make the motion in the superior court at a special hearing relating to the validity of the search or seizure which shall be heard prior to trial and at least 10 days after notice to the people unless the people are willing to waive a portion of this time. If the offense was initiated by indictment or *if the offense was initiated by complaint and no motion was made at the preliminary hearing, the defendant shall have the right to fully litigate the validity of a search or seizure on the basis of the evidence presented at a special hearing.* If the motion was made at the preliminary hearing, unless otherwise agreed to by all parties, evidence presented at the special hearing shall be limited to the transcript of the preliminary hearing and to evidence which could not reasonably have been presented at the preliminary hearing, except that the people may recall witnesses who testified at the preliminary hearing. If the people object to the presentation of evidence at the special hearing on the grounds that the evidence could reasonably have been presented at the preliminary hearing, the defendant shall be entitled to an in camera hearing to determine that issue. *The superior court shall base its ruling on all evidence presented at the special hearing and on the transcript of the preliminary hearing*, and the findings of the magistrate shall be binding on the superior court as to evidence or property not affected by evidence presented at the special hearing. After the special hearing is held in the superior court, any review thereafter desired by the defendant prior to trial shall be by means of an extraordinary writ of mandate or prohibition filed within 30 days after the denial of his or her motion at the special hearing." (Italics added.)

preliminary hearing, the defendant has the right to "fully litigate" the validity of a search or seizure. (See fn. 1, *ante*.) In such cases, the determination of the validity of the search or seizure is made "on the basis of the evidence presented at a special hearing" in the superior court. (*Ibid*.) The statute makes no provision for the admission in evidence of the preliminary hearing transcript in such a case. ■ As we have recounted, the preliminary hearing transcript is not properly considered by the superior court at such a de novo hearing unless the transcript (or portions of it) are formally received in evidence pursuant to stipulation or appropriate exception to the hearsay rule. (*People* v. *Cagle, supra*, 21 Cal.App.3d at p. 60.)

■ Subdivision (i) of section 1538.5 goes on to state the procedure to be used in a case in which the suppression motion was first made at the preliminary hearing and renewed in superior court. The statute provides that in such cases, the suppression motion shall be decided on the basis only of the preliminary hearing transcript and such evidence which could not reasonably have been presented at the preliminary hearing. (See *Anderson* v. *Superior Court, supra*, 206 Cal.App.3d at p. 538.) Reading subdivision (i) of section 1538.5 as a whole, the provision which follows, *requiring* the superior court to base its ruling, inter alia, on the transcript of the preliminary hearing, applies only in cases where the suppression motion is made at the preliminary hearing and is renewed in the superior court. That provision does not apply to cases where, as here, the suppression motion was made for the first time in superior court.

■ Also, where two statutory constructions appear possible, we should favor the construction that leads to the more reasonable result. (*Webster* v. *Superior Court* (1988) 46 Cal.3d 338, 343 [250 Cal.Rptr. 268, 758 P.2d 596].) ■ The construction of subdivision (i) of section 1538.5 espoused by defendant would lead to an unreasonable result. Absent a motion to suppress evidence, the issues to be decided at the preliminary hearing are whether a public offense, triable in superior court, has been committed and whether there is sufficient cause to believe the defendant is guilty of that offense. (§ 871; *People* v. *Bucher* (1959) 175 Cal.App.2d 343, 346 [346 P.2d 202].) In many cases, evidence on these issues would be largely irrelevant to a determination of the legality of a search or seizure. We cannot ascribe to the Legislature an intent to require the superior court routinely to consider at suppression hearings evidence that is largely irrelevant to the issues to be determined.

Accordingly, we consider only the evidence adduced at the hearing of the 1538.5 motion in the superior court. (*Wilder* v. *Superior Court, supra*, 92 Cal.App.3d at p. 94.)

II. *The warrantless entry of defendant's home was justified by exigent circumstances.*

Defendant recognizes the legality of the seizure of evidence depends on whether police officers had a right to enter his residence without a warrant; he does not contest the officers' actions once they entered.

Evidence adduced upon the 1538.5 motion in superior court shows the following: One evening Patrol Officer Willmon responded to a reported assault with a deadly weapon at a residence in Sacramento. Tina Wilson said her friend's baby had been injured, was bleeding, and could be found at another residence down the street.

There, Officer Willmon found Mary Harris sitting on the porch holding a baby. The baby had been cut between his left ear and left eye, the skin was peeled back, and his face and clothing were covered with blood.

Harris said a man named Bob or Lee struck her child with either a glass or a bottle. Wilson said she and Harris had gone to a man's residence on 42d Street and the man broke a bottle over the child's head. Wilson said the assailant was intoxicated.

Wilson accompanied Officer Willmon to defendant's residence where she said the assault occurred. Wilson said she believed a three- or four-year-old boy was in the residence with the assailant, and she believed the boy was the assailant's son.

A path of fresh blood and glass trailed from the front porch of the two-story duplex down the steps to the yard. Identifying themselves as "Sheriff's Department," officers banged on the front upstairs door and one of the back doors several times. Lights in defendant's apartment went out when the officers first knocked.

In the meantime, another officer spoke with the man who lived downstairs, who said "Lee" lived upstairs, that he wasn't sure if "Lee" was home, but that he had heard noises. The officer repeated this conversation to Willmon. An officer shined a flashlight into the residence and Willmon saw someone inside walk past the window. Willmon knocked on the door four or five more times.

Willmon believed the person inside the house was intoxicated and a forced entry into the residence was necessary for the safety of the child inside and to preserve any evidence. He kicked in the door. Defendant was standing inside, holding a rifle pointed directly at him. Defendant

eventually stepped out of the residence and was arrested. A four-year-old boy was in one of the bedrooms.

The People contended below the police conduct was justified on a number of theories, including the need to prevent imminent danger to the child inside defendant's residence. The trial court relied on this justification in denying the suppression motion. The trial court was correct.

■ Our task is to determine whether the seized evidence must be suppressed pursuant to exclusionary rules necessary to enforce the Fourth Amendment to the United States Constitution. (*In re Lance W.* (1985) 37 Cal.3d 873, 879 [210 Cal.Rptr. 631, 694 P.2d 744]; *People* v. *Rogers* (1986) 187 Cal.App.3d 1001, 1006 [232 Cal.Rptr. 294].)

Under the Fourth Amendment, "a warrantless entry by the police into a residence is at least presumptively unreasonable and therefore unlawful . . . . [¶] When exigent circumstances are present, however, failure to comply with the warrant requirement is not fatal." (*People* v. *Williams* (1988) 45 Cal.3d 1268, 1297 [248 Cal.Rptr. 834, 756 P.2d 221].) The People had the burden to demonstrate that the warrantless entry was justified by exigent circumstances. (*People* v. *Duncan* (1986) 42 Cal.3d 91, 97 [227 Cal.Rptr. 654, 720 P.2d 2].)

Exigent circumstances include " 'an emergency situation requiring swift action to prevent imminent danger to life or serious damage to property . . . .' " (*Duncan, supra*, 42 Cal.3d at p. 97; see *People* v. *Ramey* (1976) 16 Cal.3d 263, 276 [127 Cal.Rptr. 629, 545 P.2d 1333].) "[T]he exigent circumstances test involves a two-step inquiry: first, factual questions as to what the officer knew or believed and what action he took in response; second, a legal question whether that action was reasonable under the circumstances. [Citation.] ■ On appeal, a reviewing court must affirm the trial court's determinations of the factual questions if they are supported by substantial evidence, but must take the ultimate responsibility for deciding the legal question according to its independent judgment. [Citation.] ■ 'As a general rule, the reasonableness of an officer's conduct is dependent upon the existence of facts available to him at the moment of the search or seizure which would warrant a man of reasonable caution in the belief that the action taken was appropriate.' " (*Duncan, supra*, 42 Cal.3d at pp. 97-98.) ■ Where police officers reasonably believe warrantless entry of a residence is necessary to prevent imminent danger to a child, the entry is justified by exigent circumstances. (*People* v. *Lucero* (1988) 44 Cal.3d 1006, 1017 [245 Cal.Rptr. 185, 750 P.2d 1342]; *Sallie* v. *State of N. C.* (4th Cir. 1978) 587 F.2d 636, 641.)

The record amply supports the trial court's implied finding that Officer Willmon believed an emergency situation required swift action to prevent imminent danger to a child. Willmon saw that an infant had been injured brutally. Mary Harris, a percipient witness to the assault, told Willmon a man named Lee or Bob had inflicted the injuries upon the infant. Tina Wilson, also a percipient witness, directed Willmon to where the assailant lived. She told Willmon the assailant was intoxicated and she thought there was a three- or four-year-old boy (whom she thought to be defendant's son) with defendant at his residence.

Officer Willmon found a trail of broken glass and blood on the front porch and steps. Someone inside the residence was trying to avoid detection. He knew defendant's neighbor had heard noise coming from defendant's residence. The officer's decision to kick in the door was premised on the reasonably perceived need to protect the child inside.

Defendant suggests no emergency existed because the child in the residence was defendant's son. However, that fact is immaterial, since sons are not immune from danger inflicted by intoxicated fathers.

Officer Willmon's actions were justified by exigent circumstances. (*People* v. *Lucero, supra,* 44 Cal.3d at p. 1017.)

## DISPOSITION

The judgment is affirmed.

Puglia, P. J., and Blease, J., concurred.