Filed 5/4/15  P. v. Daniels CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| THE PEOPLE, | C076295 |
| Plaintiff and Respondent, | (Super. Ct. No. F132513) |
| v. | |
| VINT KYLE DANIELS, | |
| Defendant and Appellant. | |

Yolo County Sheriff's Deputy Ryan Mez was patrolling northbound Interstate 5 when he noticed a white truck without a rear license plate parked at a rest stop.  He asked the driver, defendant Vint Kyle Daniels, to step out of the truck and for consent to conduct a search of his person.  Defendant agreed to be searched.  The search of defendant's person and the subsequent search of his truck revealed drugs, ammunition, body armor, and a stun gun.  Following a preliminary examination, defendant was charged with three felonies and three misdemeanors.

1

Defendant then moved to suppress the physical evidence obtained from the searches of his person and his truck. Following a hearing, the trial court denied the motion. Defendant pled no contest to two counts and was sentenced to an aggregate prison term of two years.

On appeal, defendant first argues that the transcript of the preliminary examination must be considered part of the record on review of the denial of his motion to suppress because his references to it in his motion put that transcript before the trial court during the suppression hearing. We disagree. A preliminary examination transcript must be formally received in evidence via stipulation or an exception to the hearsay rule to be considered during a suppression hearing. (*People v. Neighbours* (1990) 223 Cal.App.3d 1115, 1120.) Because neither of those events occurred, the preliminary examination transcript was not before the trial court during the suppression hearing and is not part of the record on review.

Defendant contends that the trial court erred in denying his motion. He makes two arguments in support of his claim of error. The first is that Deputy Mez's general search of defendant exceeded the scope of defendant's consent, which he contends was limited to a search for weapons on his person. The second is that this generalized search extended the duration of the traffic stop beyond the length of time reasonably necessary for Deputy Mez to perform the duties authorized for the initial detention. As to defendant's first point, he fails to show that the trial court's finding that the search of defendant remained within the scope of his consent is not supported by substantial evidence. As to his second point, defendant has not demonstrated that Deputy Mez, by conducting a lawful and consensual search related to the justifications for the initial detention, unreasonably prolonged the encounter. For these reasons, the trial court did not err in denying defendant's motion to suppress. We will affirm.

2

## PROCEDURAL AND FACTUAL BACKGROUND

It was the summer of 2013 when Deputy Mez approached defendant's truck to investigate its missing license plate. He parked near the truck and approached it on foot. When he reached the open driver's-side window, he noticed the smell of marijuana coming from the truck. Defendant was sleeping in the driver's seat and a female passenger was lying with her head in his lap. The passenger noticed Deputy Mez and awakened defendant. Deputy Mez told them why he had approached the truck. Defendant explained he was in the process of buying the truck from a friend. Defendant was unable, however, to name the friend when asked. Deputy Mez asked whether the truck was stolen and defendant responded that he did not think it was.

Deputy Mez asked defendant if there were any illegal substances on his person or in the truck and defendant answered that there were not. Deputy Mez asked defendant to get out of the truck because he wanted to check the vehicle identification number and did not feel safe doing so with defendant inside. Deputy Mez then asked defendant for his consent to be searched and defendant agreed. Deputy Mez led defendant to the patrol car and searched his pockets. The search revealed a wallet, keys, and a small cylindrical tin canister. Deputy Mez asked defendant if there was methamphetamine in the canister and defendant replied that there was. Deputy Mez placed defendant in the back of the patrol car and searched the canister without asking defendant's permission. Inside the canister, Deputy Mez found a small bag containing methamphetamine.

Deputy Mez provided the vehicle identification number to dispatch and was informed that the truck was not stolen. He searched the truck and a bag he found in the truck's bed. He found body armor, a stun gun, ammunition, and a bag of marijuana. After the search, he allowed the passenger to take the truck and leave.

Defendant was charged with possession and transportation of a controlled substance, possession of ammunition by a person prohibited from owning or possessing a firearm, possession of controlled substance paraphernalia, and purchase, possession, or

3

use of a stun gun.  A preliminary examination was held at which defendant was held to answer for all charges.  Defendant filed a motion to suppress asserting that the evidence against him was seized during a search that exceeded the scope of his consent.  A hearing was held at which the trial court denied the motion to suppress.  Defendant then pled no contest to two felony charges and was sentenced to an aggregate term of two years in state prison.  This appeal followed.

## DISCUSSION

## I

### *The Preliminary Examination Transcript Is Not A Part Of The Record On Review*

When a defendant seeks to suppress evidence, "[i]f the . . . evidence obtained relates to a felony offense initiated by complaint and the defendant was held to answer at the preliminary [examination] . . . the defendant shall have the right to . . . make the motion [to suppress and] to fully litigate the validity of a search or seizure *on the basis of the evidence presented at a special hearing*."  (Pen. Code, § 1538.5, subd. (i), italics added.)  The judge overseeing a suppression hearing does not consider the preliminary examination transcript in making his or her decision "unless [it was] formally received in evidence pursuant to stipulation or appropriate exception to the hearsay rule."  (*People v. Neighbours*, *supra*, 223 Cal.App.3d at p. 1120.)

Defendant contends that because the preliminary examination transcript was filed almost a month prior to the suppression hearing and because he cited to it in his written motion to suppress, the transcript was implicitly incorporated into evidence for the suppression hearing.  He is wrong.  "[T]he record does not support [defendant's] contention that [the trial] court considered the preliminary [examination] evidence; we cannot presume such error by the trial court simply because [defendant] improperly relied upon the preliminary [examination] evidence in [his] points and authorities.  The preliminary [examination] evidence was not before the [trial] court and therefore it is not properly before us.  [Citations.]  It follows that the merits of this [appeal] must be decided

4

upon the evidence produced at the [suppression] hearing only." (*Wilder v. Superior Court* (1979) 92 Cal.App.3d 90, 94.)

II

*The Trial Court's Finding That The Search Of Defendant Did Not Exceed*

*The Scope Of Defendant's Consent Is Supported By Substantial Evidence*

Defendant asserts that the consent he provided to Deputy Mez was limited to a search for weapons on his person and Deputy Mez exceeded the scope of this consent by conducting a general search. "It is 'well settled that one of the specifically established exceptions to the [Fourth Amendment's] requirements of both a warrant and probable cause is a search . . . conducted pursuant to consent.' " (*People v. Woods* (1999) 21 Cal.4th 668, 674.) "The standard for measuring the scope of . . . consent . . . is that of 'objective' reasonableness--what would the typical reasonable person have understood by the exchange . . . ?" (*Florida v. Jimeno* (1991) 500 U.S. 248, 251 [114 L.Ed.2d 297, 302].) "Whether the search remained within the boundaries of the consent is a question of fact to be determined from the totality of the circumstances." (*People v. Crenshaw* (1992) 9 Cal.App.4th 1403, 1408.) "[W]e defer to the [trial] court's express and implied factual findings if they are supported by substantial evidence . . . ." (*Woods*, at p. 673.) Here, there is ample evidence to support the trial court's conclusion that the search of defendant remained within the scope of consent; therefore, its determination will not be overturned.

"In this case, the terms of the search's authorization were simple. [Defendant] granted [Deputy Mez] permission to search . . . and did not place any explicit limitation on the scope of the search." (*Florida v. Jimeno*, *supra*, 500 U.S. at p. 251 [114 L.Ed.2d at p. 303].) In *Jimeno*, the defendant asserted that the search of his vehicle exceeded the scope of his consent. (*Id.* at p. 250 [114 L.Ed.2d at p. 302].) The Supreme Court rejected this argument because the officer told the defendant that he believed the defendant had drugs and, as a result, it was reasonable for the officer to conclude that the defendant's

5

general consent to search included permission to search areas that might contain drugs. (*Id.* at pp. 251-252 [114 L.Ed.2d at p. 303].) Similar to *Jimeno*, the deputy here asked defendant, while he was sitting in his truck, whether he had any illegal drugs on his person. Deputy Mez then asked defendant to get out of the truck so that he could safely check the vehicle identification number, asked defendant for his consent to be searched, and defendant agreed. Nothing in the record of the suppression hearing indicates that the request to search defendant or defendant's consent was limited in any way.

Defendant compares this situation to that in *People v. Cantor* (2007) 149 Cal.App.4th 961, in which an officer's search of the defendant's vehicle was found to have exceeded the scope of the defendant's consent. (*Id.* at p. 963.) In *Cantor*, the defendant was pulled over and asked to get out of his car. (*Id.* at p. 964.) As the defendant was getting out of his car, the officer smelled marijuana. (*Ibid.*) The officer asked the defendant if he had been smoking. (*Ibid.*) Although the defendant denied smoking marijuana, he seemed nervous, his hands were shaking, and he would not make eye contact with the officer. (*Ibid.*) The officer asked the defendant whether he had anything illegal in his car and asked if he could " 'check real quick and get [the defendant] on [his] way[,]' " and the defendant agreed. (*Ibid.*) The officer searched the cab, the trunk, under the hood, and the cab several more times. (*Ibid.*) He called for a police dog and removed items from the trunk. (*Ibid.*) He found a record cleaner inside the trunk, removed the screws holding the back panel to the cleaner, pulled a paper bag out, and found cocaine inside of the bag. (*Ibid.*) The court held that "[t]he trial court erred as a matter of law by failing to recognize the limited scope of [the] defendant's consent. Once [the officer's] exhaustive search of all compartments of the car revealed no contraband, [the] defendant's consent ended." (*Id.* at pp. 965-966.) Critical to the

court's determination was the fact that the defendant agreed to only "a 'real quick' 'check' of the car." (*Id.* at p. 965.) Here, no similar limitation was placed on the search of defendant, nor is there any indication in the record that the search of defendant approached anything near the approximately 15 to 20 minutes that elapsed in *Cantor* before incriminating evidence was found. (*Ibid.*)

Defendant has failed to demonstrate that the trial court's determination that the general search of his pockets fell within the scope of his consent is not supported by substantial evidence. Accordingly, the trial court did not err in making this finding.

## III

*The Search Of Defendant Did Not Render The Traffic Stop Unlawful Because*
*The Search Was Both Consensual And Related To The Justifications For The Stop*

Defendant contends that "the detention became unlawful at the point [Deputy Mez] decided to pursue an exploratory search of [defendant] rather than examine the [vehicle identification number] of the truck . . . ." Even overlooking that defendant did not properly brief this point by failing to list it under a separate heading as is required (Cal. Rules of Court, rule 8.204(a)(1)(B); *Mount Shasta Bioregional Ecology Center v. County of Siskiyou* (2012) 210 Cal.App.4th 184, 209 [points not raised under a separate heading "need not be considered"]), defendant is incorrect. "A lawful roadside stop begins when a vehicle is pulled over for investigation of a traffic violation. The temporary seizure . . . remains reasonable[ ] for the duration of the stop . . . [and a]n officer's inquiries into matters unrelated to the justification for the traffic stop . . . do not convert the encounter into something other than a lawful seizure, so long as those inquiries do not measurably extend the duration of the stop." (*Arizona v. Johnson* (2009) 555 U.S. 323, 333 [172 L.Ed.2d 694, 704].) A lawful consensual search that is related to the justifications for the initial detention, such as happened here, does not render an otherwise lawful traffic stop unlawful.

Defendant points to *People v. McGaughran* (1979) 25 Cal.3d 577 in support of his contention. In *McGaughran*, our Supreme Court affirmed a suppression order where the defendant was stopped for driving the wrong way on a one-way street. (*Id.* at p. 582.) The Court observed that "[a]ll that was 'reasonably necessary' to deal with the offense . . . was for [the officer] to examine [the] defendant's license and registration, explain the violation, and then issue either a citation or a warning." (*Id.* at p. 587.) Instead, the officer made the defendant and his passenger wait in their car for over 40 minutes while he checked both of their licenses, looked for outstanding warrants in both names, and, after learning of warrants for both men, called for more officers and for confirmation of the warrants. (*Id.* at p. 581.) Because the additional time spent seeking out unrelated warrants was not " 'reasonably necessary' " to addressing the purpose of the detention, the stop " 'exceeded constitutional limitations . . . .' " (*Id.* at p. 587.)

Here, defendant concedes that the initial detention was lawful not just because of Deputy Mez's suspicion that the truck was stolen, but also because Deputy Mez smelled marijuana coming from the truck and because the truck was missing its rear license plate. Deputy Mez, therefore, had three bases on which to investigate defendant. As discussed above, Deputy Mez asked defendant for his consent to be searched and defendant agreed. This general search of defendant related not only to Deputy Mez's concern for his own safety but also his suspicion that defendant was carrying illegal drugs. The search then revealed methamphetamine. This is very different from *McGaughran* where the search " 'was based upon [an] arrest on information learned well after [the] detention had exceeded constitutional limitations.' " (*People v. McGaughran*, *supra*, 25 Cal.3d at p. 587.) " '[E]ven when officers have no basis for suspecting a particular individual, they may generally ask questions of that individual . . . and request consent to search . . . .' " (*Muehler v. Mena* (2005) 544 U.S. 93, 101 [161 L.Ed.2d 299, 308].) Here, Deputy Mez had multiple bases for suspecting defendant and still chose to seek his consent to be searched. "Therefore, since the [evidence was] found pursuant to a lawful consensual

8

search, the court properly denied the suppression motion." (*People v. Brown* (1998) 62 Cal.App.4th 493, 500.)

## DISPOSITION

The judgment is affirmed.


      ROBIE      , Acting P. J.


We concur:


      MAURO      , J.


      HOCH      , J.