Filed 10/21/21  P. v. Spann CA6

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>TERRY LEE SPANN,<br><br>    Defendant and Appellant. | H047909<br>(Santa Cruz County<br> Super. Ct. Nos. 18CR00878,<br> 18CR06522) |

Appellant Terry Lee Spann appeals two criminal cases that were resolved together in the trial court.  In one case, Spann pleaded no contest to possession of a firearm by a felon (Pen. Code, § 29800, subd. (a)(1)[1]) and possession of ammunition by a prohibited person (§ 30305, subd. (a)(1)) (firearm possession case).  In the other case, Spann pleaded no contest to grand theft of personal property (§ 487, subd. (a)) (grand theft case).  Before Spann entered his no-contest pleas, the trial court denied his motion to suppress evidence in the firearm possession case.

On appeal, Spann contends the trial court erred by denying his suppression motion.  He argues the officers who conducted a warrantless search had no constitutional

---

[1] Unspecified statutory references are to the Penal Code.

justification to search the motel room in which they discovered firearms and ammunition. He raises no claim directly challenging his conviction or sentence in the grand theft case.

For the reasons explained below, we affirm the judgment in each case.[2]

## I. FACTS AND PROCEDURAL BACKGROUND

A. *Procedural Background*

On November 2, 2018, the Santa Cruz County District Attorney (district attorney) filed an information charging Spann with grand theft of personal property exceeding $950 in value (§ 487, subd. (a); count 1). (Case No. 18CR06522.) The information further alleged that Spann committed the grand theft while released from custody in a different case (§ 12022.1) and had previously served four prison terms (§ 667.5, subd. (b)).

On January 7, 2019, the district attorney filed an information in another case charging Spann with possession of a firearm by a felon (§ 29800, subd. (a)(1); count 1), possession of an assault weapon (§ 30605, subd. (a); count 2), and possession of ammunition by a prohibited person (§ 30305, subd. (a)(1); count 3). (Case No. 18CR00878.) The information also alleged Spann's four prior prison terms (§ 667.5, subd. (b)).

On August 23, 2019, the trial court held a hearing on Spann's suppression motion (§ 1538.5) in the firearm possession case and denied it.

On January 22, 2020, Spann and the district attorney reached a negotiated disposition in both cases. In the firearm possession case, Spann pleaded no contest to counts 1 and 3. In the grand theft case, Spann pleaded no contest to count 1.

---

[2] In addition to this appeal, Spann, through his appellate counsel, has filed a petition for writ of habeas corpus alleging a claim of ineffective assistance of trial counsel related to the suppression motion. This court ordered that the habeas corpus petition would be considered with this appeal, and we have disposed of that petition by separate order filed this day in case No. H048692.

2

On February 20, 2020, the trial court sentenced Spann in accordance with the plea agreement. The court imposed a two-year eight-month prison term in the firearm possession case (18CR00878), and a concurrent two-year prison term in the grand theft case (18CR06522). In each case, the court awarded Spann 592 days of credit for time served. The court dismissed all remaining counts and allegations in both cases.

Spann timely appealed from both judgments, and the trial court granted Spann's request for a certificate of probable cause in each case.

B. *Factual Background*[3]

On February 1, 2018, Santa Cruz County Sheriff's Office Sergeant John Habermehl surveilled a motel room in Santa Cruz with fellow sheriff's deputies on a gang enforcement team. The room was registered to someone named Joseph Volpi. Sergeant Habermehl had received information that Spann was staying in the motel room with a person named Jackson Dapont. Habermehl knew that Dapont was on "active PRCS probation" and had "active" "search and seizure terms for stolen property."[4]

Eventually, sheriff's deputies went to the motel room door, knocked on it, and announced " 'Probation search.' " Spann answered the door. The deputies pulled Spann out, handcuffed him, and had him sit on the sidewalk. Sergeant Habermehl entered the two-bedroom motel room and saw Dapont coming out of the back bedroom. Habermehl assisted in detaining Dapont, and the deputies also detained a woman who was present.

---

[3] Because Spann entered pleas of no contest and the probation report does not state the facts of Spann's offenses, the factual background here is drawn from the preliminary hearing in the firearm possession case. The preliminary hearing served as the factual basis for Spann's plea in that case. We do not recount the facts of Spann's grand theft case, because Spann does not raise any claim in this court challenging his conviction or sentence in that case.

[4] PRCS is an acronym for "postrelease community supervision." PRCS is "an alternative to parole for nonserious, nonviolent felonies" and a "new categor[y] of supervision distinct from both probation and parole." (*People v. Bryant* (2021) 11 Cal.5th 976, 982–983.)

3

Sergeant Habermehl and the deputies began searching the back bedroom of the motel room. Soon thereafter, Habermehl exited the motel room to speak with Dapont while the deputies continued searching the back bedroom. Dapont told Habermehl that "he wasn't staying in that hotel room and that all his stuff was packed up neatly because he had [] checked out of a nearby hotel room." Habermehl returned to the back bedroom and learned two firearms had been discovered. One was a .308-caliber AR-10 style assault rifle; the other was a .22-caliber rifle. Habermehl told the deputies that "it appeared" Dapont was not staying at the motel, but considering what they had already found, the deputies decided to obtain a search warrant for the motel room.

After obtaining a search warrant, sheriff's deputies returned to the motel room and continued searching it. In the back bedroom, they found ammunition for the two previously discovered firearms, a LG-brand cell phone, and a backpack containing indicia belonging to Spann.

In the front bedroom, deputies found a wallet containing a credit card with Spann's name and a key to the motel room. They also found luggage stacked against the wall containing indicia belonging to Dapont, clothing, and a credit card embosser.

A sheriff's deputy later obtained a search warrant for the LG cell phone. A search of that phone uncovered evidence linking it to Spann. The phone contained multiple photographs of firearms—including the firearms that had been seized from the motel room—and Spann's "selfie photographs."

## II. DISCUSSION

Spann contends the trial court erred in denying his suppression motion because the sheriff's deputies had no justification for their warrantless search of the motel room. He asserts an informant relied on by sheriff's deputies in the investigation "was arguably unreliable," there were "no substantial corroborating facts" for the information that sheriff's deputies had received about the people staying in the motel room, and there were no exigent circumstances for the warrantless search. In the alternative, Spann

4

requests that we "conduct an independent review" of confidential, ex parte, in camera testimony presented by the district attorney at the hearing on Spann's suppression motion regarding why sheriff's personnel believed Dapont and Spann were in the motel room.

The Attorney General counters that Spann fails to establish the sheriff's deputies acted on information provided by an unreliable informant and thus that their entry into the motel room violated Spann's constitutional rights. The Attorney General also asks us to review the confidential testimony to determine whether the trial court's finding regarding the reliability of the confidential informant is supported by substantial evidence.[5]

A. *Background Regarding the Suppression Motion and Hearing*

At trial, relying on the facts presented at the preliminary hearing in the firearm possession case, Spann's trial counsel argued in the suppression motion that Spann "was solely in control of his room," "not on se[a]rchable probation," and sheriff's "deputies had no legitimate reason to enter Mr. Spann's room." Spann further maintained that "[a]ll evidence seized after the illegal entry . . . and all evidence derived therefrom must be excluded as fruits of the poisonous tree." The district attorney did not file a written opposition to Spann's suppression motion.

In August 2019, the trial court held a hearing on Spann's suppression motion.[6] At the beginning of the suppression motion hearing, the trial court asked—based on its prior discussions with counsel—if "the issues" regarding suppression "hinge on whether or not the officers had reason to go to the . . . motel room" and "look for Mr. Dapont." The district attorney and trial counsel agreed with the court's statement. After further

---

[5] The Attorney General concedes that there was no exigent circumstance justifying a warrantless search and that the inevitable discovery and good faith exceptions to the exclusionary rule do not apply in this case. Further, in the trial court, the district attorney did not rely upon either the exigent circumstance exception to the warrant requirement or the inevitable discovery doctrine.

[6] The judge who presided at the suppression motion hearing had also presided at the earlier preliminary hearing.

confirming with counsel that the deputies "were there to search the motel room based on conditions that Mr. Dapont had or based on his Post Release Community Supervision," the trial court said, "So the issue would seem to hinge on whether Officer Habermehl had some reason to believe that Jackson Dapont was in that motel room." The district attorney and trial counsel again agreed with the trial court. The district attorney also stipulated that the sheriff's deputies initially entered the motel room without a warrant.

The district attorney called Sergeant Habermehl to testify. The district attorney began the direct examination by asking Habermehl why he believed Dapont and Spann were in the motel room. Habermehl answered, "I would like to invoke the privilege under [sections] 1040 [and] 1042 of the Evidence Code." In response to Habermehl's claim of privilege, the trial court said that they "need[ed] to have an in-camera hearing on this." Spann's trial counsel responded, "We do, Your Honor." The court then held an ex parte, in camera hearing with the district attorney and Habermehl.[7]

Following the in camera testimony of Sergeant Habermehl, the trial court stated on the record: "So far, based on what I've heard, I'm satisfied that Sergeant Habermehl has sufficient evidence to have a reasonable suspicion or, actually, have a reasonable cause to believe that both Mr. Spann and Mr. Dapont were in that motel room at the time that [sheriff's deputies] went to the motel room."

The trial court then asked Spann's trial counsel if he wished to question Sergeant Habermehl. On cross-examination by Spann's trial counsel, Habermehl testified that someone from the sheriff's office had spoken to the motel clerk and obtained a key to the motel room. Habermehl knew the motel room was registered to Joseph Volpi, not Spann or Dapont. Habermehl had not surveilled the room for more than 10 minutes, but members of his team had done so. A detective announced " 'Probation search' " while at

---

[7] Spann does not raise any procedural claim in his direct appeal with respect to the in camera hearing. He does challenge defense counsel's failure to object to the ex parte hearing as ineffective assistance of counsel in his petition for writ of habeas corpus.

the motel room's door. Habermehl and perhaps one or two deputies stood behind the detective at the door. Spann opened the door and said he was on probation. Habermehl believed that the detective then removed Spann from the room. Habermehl did not know who "put [Spann] on the ground" but at that point Spann was not free to leave. The sheriff's personnel then entered the motel room. After entering, Habermehl saw Dapont for the first time.

On redirect examination, the district attorney asked Sergeant Habermehl to identify Spann. The district attorney then rested, and the trial court asked, "Anything else?" Spann's trial counsel responded, "No, Your Honor."

The trial court ruled on Spann's suppression motion: "I will find that the officer, sergeant, and the other crew had sufficient basis to believe that Jackson Dapont was in that hotel room, and they were therefor[e] justified in entering to search Mr. Dapont and that the detention of Mr. Spann was -- that the evidence found was not the product of that detention, so I'm going to deny the motion to suppress."

B. *Legal Principles and Standard of Review*

The Fourth Amendment to the United States Constitution guarantees individuals the "right . . . to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." (U.S. Const., 4th Amend.) " '[A] warrantless entry by the police into a residence is at least presumptively unreasonable and therefore unlawful.' . . . The constitutional protection afforded to the homeowner applies with equal force to a guest in a hotel room." (*People v. Bennett* (1998) 17 Cal.4th 373, 384; see also *People v. Torres* (2012) 205 Cal.App.4th 989, 993.)

A defendant may move to suppress evidence on the ground that a warrantless search or seizure was unreasonable.[8] (§ 1538.5, subd. (a)(1)(A).) "A search conducted

---

[8] " 'In California, issues relating to the suppression of evidence derived from governmental searches and seizures are reviewed under federal constitutional standards.' " (*People v. Macabeo* (2016) 1 Cal.5th 1206, 1212.)

7

without a warrant is unreasonable per se under the Fourth Amendment unless it falls within one of the 'specifically established and well-delineated exceptions.' " (*People v. Woods* (1999) 21 Cal.4th 668, 674.)  Among the exceptions is a search conducted pursuant to the terms of a subject's PRCS, so long as the search is not conducted arbitrarily, capriciously, or for the purposes of harassment.  (*People v. Douglas* (2015) 240 Cal.App.4th 855, 861, 863–865; §§ 3453, subd. (f), 3465 [mandatory search condition for PRCS].)  Further, "an individual who has been released from custody under PRCS is subject to search . . . so long as the officer knows the individual is on PRCS." (*Douglas*, at p. 865.)  A warrantless search, justified by a probation search condition (or here, by analogy, a PRCS search condition), "may extend to common areas, shared by nonprobationers, over which the probationer has 'common authority.' " (*People v. Smith* (2002) 95 Cal.App.4th 912, 916; see also *People v. Schmitz* (2012) 55 Cal.4th 909, 919; *Woods*, at p. 682.)

"[T]he prosecution bears the burden of demonstrating a legal justification for [a warrantless] search." (*People v. Redd* (2010) 48 Cal.4th 691, 719; see also *People v. Williams* (1999) 20 Cal.4th 119, 129–130, 136–137; *People v. Romeo* (2015) 240 Cal.App.4th 931, 940–941.)  " 'The standard of appellate review of a trial court's ruling on a motion to suppress is well established.  We defer to the trial court's factual findings, express or implied, where supported by substantial evidence.  In determining whether, on the facts so found, the search or seizure was reasonable under the Fourth Amendment, we exercise our independent judgment.' " (*Redd*, at p. 719.)

C.  *Analysis*

At the hearing on Spann's suppression motion, the parties agreed that the prosecution's justification for the warrantless search turned on whether Sergeant Habermehl had reason to believe Dapont (who was subject to a PRCS search condition) was inside the motel room when the sheriff's deputies entered it.  After hearing Habermehl's in camera testimony, the trial court found there was "sufficient evidence"

8

for "reasonable cause to believe" that Dapont was in the motel room at the time of entry. After Spann's trial counsel cross-examined Habermehl, the court reiterated that the sheriff's personnel had "sufficient basis to believe that Jackson Dapont was in that hotel room."

In this court, Spann challenges the reliability of the informant because the information presumably provided by the informant about Spann staying in the motel room with Dapont was "incorrect" and not substantially corroborated. Spann also challenges the informant's reliability, citing to Sergeant Habermehl's preliminary hearing testimony about Dapont having said he was not staying in the motel room, that Dapont's luggage was stacked against a wall in the room, and that "it appeared [to Habermehl] that Jackson Dapont was not staying in that hotel."[9]

We do not agree that there is no substantial evidence supporting the trial court's implicit finding that the confidential informant was reliable or its explicit finding that the sheriff's deputies had sufficient reason to believe Dapont was actually in the motel room. Habermehl testified ex parte that he believed Dapont was in the motel room prior to the search, and Dapont was in fact inside the room (with his belongings) once the deputies entered it. That Dapont told Habermehl after the search commenced that he (Dapont) had not been staying in the motel room and further that Habermehl concluded "it appeared"

---

[9] We note that the preliminary hearing transcript was filed in the trial court before the hearing on Spann's suppression motion. However, there is no indication that that transcript was entered into evidence at the suppression hearing, either pursuant to a stipulation or an appropriate exception to the hearsay rule. It is settled that, in this circumstance, we should not consider the preliminary hearing transcript when reviewing the trial court's ruling on Spann's suppression motion. (See *People v. Fisher* (1995) 38 Cal.App.4th 338, 341; *People v. Neighbours* (1990) 223 Cal.App.3d 1115, 1120.) But here neither party has addressed this issue, and the Attorney General specifically references Spann's arguments with respect to the preliminary hearing testimony. Under these circumstances, the parties have forfeited any contention on appeal that the evidence adduced at the preliminary hearing is irrelevant, and we therefore consider their arguments premised on the preliminary hearing testimony.

9

Dapont was not staying at that motel does not establish Dapont was in fact staying elsewhere. There is no direct evidence in the record demonstrating that Dapont was staying in some other location. Moreover, it is reasonable to infer that Dapont had a motive to falsely disclaim a connection to the motel room because that room contained contraband. On this record, we do not agree with Spann that, presuming the informant had told law enforcement that Dapont was staying in the motel room, the informant provided objectively incorrect information that rendered the informant unreliable.

Furthermore, Spann and the Attorney General join in requesting that we review Sergeant Habermehl's in camera testimony to determine "whether the trial court's 'reliability finding . . . is supported by substantial evidence.' " We have done so. Based on our review of the entire record, we conclude the trial court's factual findings regarding law enforcement's reason to believe that Dapont was in the motel room are supported by substantial evidence. Additionally, exercising our independent judgment, we conclude the sheriff's deputies were justified in entering and searching the motel room without a warrant under these circumstances. Thus, we affirm the trial court's denial of Spann's suppression motion.

### III. DISPOSITION

The judgments in case Nos. 18CR00878 and 18CR06522 are affirmed.

10

_____

                                       Danner, J.

WE CONCUR:

_____

Greenwood, P.J.

_____

Elia, J.

**H047909**
*People v. Spann*